**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO**

ANNETTE BELL and JANNETTE DUDLEY,

      Plaintiffs,

v.                                                                                          Civ. No. 26-cv-698 SCY/KK

CHUN SING LEE, QUEST DIAGNOSTICS
CLINICAL LABORATORIES, INC.,
ELEMENT VEHICLE CORPORATION, and
D.L. PETERSON TRUST,

      Defendants.

**ORDER TO FILE RULE 7.1 NOTICES
AND TO AMEND NOTICE OF REMOVAL**

This matter comes before the Court sua sponte, following its review of the notice of

removal, filed by Defendant Chun Sing Lee ("Lee") on March 6, 2026. Doc. 1. Lee removed this

action to federal court citing diversity jurisdiction, *id.* ¶ 10, but fails to state sufficient allegations

to invoke this court's diversity jurisdiction. For these reasons, the Court orders (1) that the

Plaintiffs and D.L. Peterson Trust file Rule 7.1(a)(2) citizenship disclosure statements and (2)

that Lee amend the notice of removal to properly maintain this action in federal court.

Parties may remove a state court action to federal court if the requirements for diversity

jurisdiction are met. 28 U.S.C. § 1441(a); *see also* 28 U.S.C. § 1332(a) (requiring, in part, parties

to be citizens of different States). The party invoking federal jurisdiction ultimately bears the

burden of establishing complete diversity. *ADA Carbon Sols. (Red River), LLC v. Atlas Carbon,*

*LLC*, 146 F.4th 1296, 1306 (10th Cir. 2025); *Dutcher v. Matheson*, 733 F.3d 980, 985 (10th Cir.

2013); *see also Tuck v. United States Auto. Ass'n*, 859 F.2d 842, 844 (10th Cir. 1988) (noting

Court has sua sponte duty to determine whether subject matter jurisdiction exists). In the notice

of removal, Lee asserts that complete diversity exists in this matter because Plaintiffs are citizens

of New Mexico and Defendants are citizens of Delaware, New Jersey, and Maryland. Doc. 1 ¶¶ 14, 16. However, these allegations are insufficient to maintain diversity jurisdiction in two aspects.

### 1. Defendant D.L. Peterson Trust

First, in the notice of removal, Lee attests that Defendant D.L. Peterson Trust ("the Trust"), "is organized under the laws of . . . Delaware . . . has no members or trustees . . . [t]hus, pursuant to 28 U.S.C. § 1332(c)(1), [the Trust] is a citizen of the State of Delaware with a principal place of business in Maryland." Doc. 1 ¶ 14. This characterization, however, is insufficient to maintain diversity jurisdiction. Section 1332(c)(1) is inapplicable to the Trust because it is a statutory trust, as confirmed by a search on the Delaware Division of Corporations website. That is, trusts are treated distinctly from corporations for purposes of determining diversity. *Americold Realty Tr. v. Conagra Foods, Inc.*, 577 U.S. 378, 381-83 (2016). In Delaware, statutory trusts—by law—are unincorporated associations also known as "business" trusts. Del. Code Ann. Tit. 12, § 3801(i); *Americold*, 577 U.S. at 381-82 (consulting law of State where trust organized to confirm whether trust was "business" or "fiduciary/traditional" in nature). Unincorporated business trusts possess the citizenship of all its members, including beneficiaries, shareholders, and trustees. *Americold*, 577 U.S. at 381-83; *cf. Carbon Sols.*, 146 F.4th at 1305-06 (noting "fiduciary/traditional" trusts take membership of only trustees).

Lee, the removing party, bears the ultimate burden of establishing complete diversity as the party seeking to invoke this Court's federal jurisdiction. *Carbon Sols.*, 146 F.4th at 1306. Because Lee fails to identify any of the Trust's members in the notice of removal, this Court is unable to verify it has jurisdiction over this matter pursuant to Section 1441(b). The Court will therefore permit Lee to amend the notice of removal to properly allege citizenship. 28 U.S.C.

§ 1653 ("Defective allegations of jurisdiction may be amended, upon terms, in the trial or appellate courts."). In order to assist Lee in filing the amended notice of removal, the Court will also order the Trust to amend its Rule 7.1 disclosure as to its own citizenship. *See* Fed. R. Civ. P. 7.1(a)(2) ("In an action in which jurisdiction is based on diversity under 28 U.S.C. § 1332(a), a party or intervenor must, unless the court orders otherwise, file a disclosure statement. The statement must name—and identify the citizenship of—every individual or entity whose citizenship is attributed to that party or intervenor: when the action is filed in or removed to federal court."); *see also id.* Committee Notes - 2022 Amendment ("The disclosure does not relieve a party that asserts diversity jurisdiction from the Rule 8(a)(1) obligation to plead the grounds for jurisdiction, but is designed to facilitate an early and accurate determination of jurisdiction.").

The Trust's disclosure statement currently provides that it "has no parent corporation" and "[n]o publicly held corporation owns 10% or more of its stock." Doc. 3. Because the Trust is an unincorporated business trust pursuant to Delaware law, the Trust must identify the citizenship of every member and sub-member of those entities until it reaches a corporation or individual. *Carbon Sols.*, 146 F.4th at 1306-07; *Choice Hospice*, 125 F.4th at 1009. That is, in its amended Rule 7.1 notice, the Trust must:

1.  Identify All of the Trust's Members: Because the Trust is an unincorporated business trust, the amended Rule 7.1 notice must identify every trustee and every beneficiary-shareholder with an ownership interest in the Trust's property. Currently, the notice of removal alleges that the Trust has no members or trustees. Doc. 1 ¶ 14. Although this allegation does not appear plausible, if indeed no one has any ownership interest in the Trust, the amended Rule 7.1 notice must explain why that structure is supported by Delaware law.

3

2.  Trace Any Unincorporated Entities: If any of the Trust's trustees or beneficiaries are also unincorporated entities (such as an LLC or another trust), the amended Rule 7.1 notice must identify each of the entities' "sub-members." For sub-members that are trusts, the notice must also: (1) identify the applicable state law for the trust; (2) identify and explain the type of trust at issue under this state law (fiduciary relationship or business entity); (3) identify the proper method of determining citizenship (using either the citizenship of the trustees for a "fiduciary relationship" trust or the citizenship of the shareholder-beneficiaries for an unincorporated business trust); and (4) name and identify the citizenship of each trustee and/or each member, where applicable. *ADA Carbon*, 146 F.4th 1296. The Rule 7.1 notice must continue this process of identification until reaching an individual or corporation. *Carbon Sols.*, 146 F.4th at 1304-05 (defining "traditional" trust); *Choice Hospice, Inc. v. Axxess Tech. Sols., Inc.*, 125 F.4th 1000, 1009 (10th Cir. 2025) ("If any member of an unincorporated entity is itself an unincorporated entity, then the [removing party] must identify that unincorporated entity's members and those members' citizenship, tracing 'through however many layers' necessary to reach either a corporation or a natural person.").

### 2.  Plaintiffs Annette Bell and Jannette Dudley

Second, the notice of removal alleges that Plaintiffs Annette Bell and Jannette Dudley are residents of New Mexico and thus "are considered citizens of the State of New Mexico." Doc. 1 ¶¶ 11, 16. Residency, however, is not equivalent to citizenship. *See Siloam Springs Hotel, L.L.C. v. Century Surety Co.*, 781 F.3d 1233, 1238 (10th Cir. 2015). Citizenship, or domicile, exists only when residence is coupled with an intention to remain in the state indefinitely. *Middleton v. Stephenson*, 749 F.3d 1197, 1200 (10th Cir. 2014). Residency may prima facie indicate citizenship when other proof in the record indicates citizenship. *See Whitelock v. Leatherman*,

460 F.2d 507, 514 n.14 (10th Cir. 1972); *State Farm Mut. Auto. Ins. Co. v. Dyer*, 19 F.3d 514, 520 (10th Cir. 1994). There being no other proof in the record indicating citizenship, an allegation of "residency" is insufficient to confer jurisdiction on this Court. *Vincent v. Nelson*, 51 F.4th 1200, 1211-12 (10th Cir. 2022) (complaint alleging residency was insufficient to confer jurisdiction); *see also McEntire v. Kmart Corp.*, No. 09cv567 JB/LAM, 2010 WL 553443, at *8 (D.N.M. Feb. 9, 2010) (collecting cases discussing requirement to amend notice of removal).

Once again, in order to assist Lee in amending the notice of removal, the Court orders Plaintiffs to file a Rule 7.1 disclosure statement as to their own citizenship. *See* Fed. R. Civ. P. 7.1(a)(2).

**IT IS HEREBY ORDERED** that Plaintiffs Annette Bell and Janette Dudley file a Rule 7.1(a)(2) citizenship disclosure statement and that Defendant D.L. Peterson Trust file an amended Rule 7.1(a)(2) citizenship disclosure statement no later than **May 14, 2026**.

**IT IS FURTHER ORDERED** that Defendant Lee amend the Notice of Removal to properly allege facts sufficient for diversity jurisdiction, if such allegations can be made in compliance with the dictates of Rule 11 of the Federal Rules of Civil Procedure, no later than **May 28, 2026**.

**IT IS FURTHER ORDERED** that if Lee does not file an amended notice of removal showing the facts necessary to sustain diversity jurisdiction by **May 28, 2026**, the Court may remand this case to state court without further notice.

STEVEN C. YARBROUGH
UNITED STATES MAGISTRATE JUDGE